**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMIR ISA AL-MALIK,

    Plaintiff,

  v.

UNITED STATES DEPARTMENT
OF EDUCATION, NATIONWIDE
COLLECTION AGENCY,
LTD COLLECTION AGENCY,
and LOUISIANA DEPARTMENT
OF EDUCATION,

    Defendants.

No. C 11-02339 WHA

**ORDER GRANTING MOTION TO DISMISS ALL CLAIMS AGAINST UNITED STATES DEPARTMENT OF EDUCATION AND VACATING HEARING**

## INTRODUCTION

In this action concerning an alleged assault and student-loan debt, the United States Department of Education moves to dismiss all claims against it. For the following reasons, the motion is **GRANTED**.

## STATEMENT

Plaintiff, who is proceeding *pro se*, filed this action in the Alameda County Superior Court in January 2010. The complaint does not refer to any statute or other legal authority; it recites only a series of factual allegations clustering around two main issues.

*First*, plaintiff alleges that as a teenager he was physically and sexually assaulted by an employee of a school district in Shreveport, Louisiana, "during the 1965–68 school sessions"

1  (Compl. 3). Plaintiff recounts that after suffering this abuse he faced a lifelong struggle with
2  physical and emotional problems.

3      *Second*, plaintiff alleges that he borrowed a student loan in order to attend the Columbia
4  School of Broadcasting in San Francisco, but that the school closed "before the completion of the
5  contracted terms could be fulfilled" (Compl. 1). Plaintiff complains that the United States
6  Department of Education refused to discharge this loan, that collection agencies acting on behalf
7  of the USDOE have harassed him, and that he has been unable to pursue other educational
8  opportunities because the presence of the defaulted student loan on his credit report is a barrier to
9  receiving additional financial aid.

10      Plaintiff seeks compensatory and punitive damages in the amount of $450.5 million
11  dollars for all of the alleged wrongs set forth in his pleadings. As amended, the complaint names
12  four defendants: the USDOE, the Louisiana Department of Education, and two debt
13  collection agencies (Dkt. No. 1 Exh. A).

14      The USDOE removed this action to federal district court in May 2011, despite claiming
15  not to have been properly served (Dkt. No. 1). The USDOE now moves to dismiss all claims
16  against it (Dkt. Nos. 4, 14). Plaintiff opposes (Dkt. No. 22). This order follows full briefing on
17  the motion.

18  **ANALYSIS**

19      The plaintiff bears the burden of establishing subject-matter jurisdiction over his asserted
20  claims for relief. *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997). Here, plaintiff has
21  not provided a sufficient basis for exercising subject-matter jurisdiction over any claim against
22  the USDOE that can be drawn from the two factual narratives in his complaint.

23      **1.   ASSAULT ALLEGATIONS.**

24      The alleged assault took place in the 1960s, but plaintiff did not file his complaint
25  until 2010. "A tort claim against the United States shall be forever barred unless it is presented in
26  writing to the appropriate Federal agency within two years after such claim accrues or unless
27  action is begun within six months after the date of mailing, by certified registered mail, of notice
28

1  of final denial of the claim by the agency to which it was presented." 28 U.S.C. 2401(b). This
2  statute of limitations is jurisdictional. *Marley v. United States*, 567 F.3d 1030, 1032
3  (9th Cir. 2009).

4  When considering a motion to dismiss for lack of subject-matter jurisdiction, "the district
5  court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits
6  and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v.*
7  *United States*, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party has converted the
8  motion to dismiss into a factual motion by presenting affidavits or other evidence properly
9  brought before the court, the party opposing the motion must furnish affidavits or other evidence
10 necessary to satisfy its burden of establishing subject-matter jurisdiction." *Savage v. Glendale*
11 *Union High Sch.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

12 Here, plaintiff has not carried his burden of showing that subject-matter jurisdiction exists
13 over his claims against the USDOE based on his alleged assault. The complaint does not state
14 that plaintiff ever presented any tort claim in writing to the USDOE. The USDOE has no record
15 of any such claim (Sasser Decl. ¶ 4). In response to the motion to dismiss, plaintiff does not
16 provide any reason why his tort claims against the USDOE might be timely (Opp. 1–3).
17 Accordingly, this order finds that plaintiff's tort claims against the USDOE based on the alleged
18 assault are time-barred. This order does not reach the USDOE's arguments that plaintiff failed to
19 exhaust his administrative remedies for the alleged assault and that sovereign immunity has not
20 been waived as to the tort claims.

21  **2.  STUDENT-LOAN ALLEGATIONS.**

22 Defendant states three grievances concerning his alleged student loan, but none of them
23 supports a viable claim against the USDOE. "Absent a waiver, sovereign immunity shields the
24 Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*,
25 510 U.S. 471, 475 (1994). A waiver of sovereign immunity "must be unequivocally expressed"
26 by congress in the relevant statute, and any such waiver "must be construed strictly in favor of the
27 sovereign." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992) (internal quotations
28 omitted). "The question whether the United States has waived its sovereign immunity against

3

suits for damages is, in the first instance, a question of subject-matter jurisdiction." *McCarthy*, 850 F.2d at 560. Here, plaintiff has not carried his burden of showing that subject-matter jurisdiction exists over his claims against the USDOE based on his alleged student loan.

### A.   Alleged Refusal to Discharge the Loan.

Plaintiff's first grievance regarding his student loan is that the USDOE allegedly refused to discharge the loan. The Administrative Procedure Act allows for limited review of such a denial, but it does not allow claims for monetary damages against the United States. *See* 5 U.S.C. 702 (providing that the United States may be named as a defendant by a person aggrieved by agency action in a court action "seeking relief other than money damages"). The only form of relief sought by the complaint in this action is money damages. The USDOE argues that plaintiff's claim is therefore barred. In his opposition to the instant motion, plaintiff does not indicate a desire for any other form of relief, and he does not identify any other possible basis for subject-matter jurisdiction. Subject-matter jurisdiction over plaintiff's first student-loan grievance against the USDOE has not been shown.

### B.   Allegedly Harassing Collection Efforts.

Plaintiff's second grievance regarding his student loan is that the USDOE, acting through debt collectors, allegedly has harassed him. Claims under the Fair Debt Collection Practices Act may not be brought against "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. 1692a(6)(C). The USDOE argues that this provision bars any claim against the USDOE for the methods it allegedly used to collect repayment of plaintiff's student loan. In his opposition to the instant motion, plaintiff does not dispute this analysis and does not identify any other possible basis for subject-matter jurisdiction. Subject-matter jurisdiction over plaintiff's second student-loan grievance against the USDOE has not been shown.

### C.   Alleged Credit Reporting.

Plaintiff's third grievance regarding his student loan is that the USDOE allegedly reported the delinquency of his loan to credit reporting agencies. The Fair Credit Reporting Act imposes liability upon "any individual, partnership, corporation, trust, estate, cooperative, association,

4

government or governmental subdivision or agency, or other entity." 15 U.S.C. 1681a(a), 1681n, 1681o. The USDOE argues that the FCRA does not waive sovereign immunity and that plaintiff's credit reporting claims against it are therefore barred. In his opposition to the instant motion, plaintiff does not dispute this analysis and does not identify any other possible basis for subject-matter jurisdiction.

Courts have disagreed on whether recitation of "government or governmental subdivision or agency" within this definition constitutes an unequivocal waiver of sovereign immunity. *See, e.g., Gillert v. United States Dep't of Educ.*, No. 08-6080, 2010 WL 3582945, at *3–4 (collecting decisions and finding that "the FCRA does not contain an unequivocal and express waiver of sovereign immunity"). Our court of appeals has not yet addressed this question, and plaintiff has not shown good cause for pronouncing this language to be a waiver of sovereign immunity. Without deciding whether sovereign immunity has been waived under the FCRA, this order finds that subject-matter jurisdiction over plaintiff's third student-loan grievance against the USDOE has not been shown. That is, the fact that this particular plaintiff failed to show that sovereign immunity has been waived under the FCRA does not foreclose the possibility that some other plaintiff might succeed in doing so in the future.

### 3. DEFAULT JUDGMENT.

Plaintiff's opposition to the instant motion cites to provisions of the California Code of Civil Procedure governing default judgment. Because this action has been removed to federal court, the California civil procedure rules no longer apply. Instead, the Federal Rules of Civil Procedure control matters such as default judgment.

"A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." FRCP 55(d). Here, plaintiff has not shown that he has any viable claim against the USDOE. Accordingly, entry of default judgment against the USDOE would not be appropriate under the federal rules. Plaintiff's reference to default judgment does not defeat the USDOE's motion to dismiss.

\*         \*         \*

5

Even when viewed through the lens of leniency traditionally applied to *pro se* litigants, plaintiff has failed to make a showing sufficient to defeat the USDOE's jurisdictional brief. Plaintiff bears the burden of establishing subject-matter jurisdiction, and plaintiff has not provided facts or arguments that would support the exercise of jurisdiction over his claims against the USDOE. Accordingly, the USDOE's motion to dismiss all claims against it is **GRANTED**. This order does not reach the USDOE's arguments concerning defects in the pleadings or service of the complaint.

## CONCLUSION

For the foregoing reasons, the motion by the United States Department of Education to dismiss all claims against it is **GRANTED**. Because the dismissal is based on a lack of jurisdiction rather than pleading defects, amendment of the complaint would be futile and will not be allowed. The United States Department of Education is no longer a defendant in this action. The other defendants, however, remain in the action. The motion hearing set for September 15, 2011, is **VACATED**.

**IT IS SO ORDERED.**

Dated: August 29, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE